George A. PARKER, Successor Testamentary Trustee to Archibald S. Pinkett, Executor of the Estate of W. H. C. Brown, Appellant,

v.

Mildred BANKS et al., Appellees.

No. 18020.

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1964.

Decided April 2, 1964.

———◇———

Mr. Barrington D. Parker, Washington, D. C., with whom Mr. John D. Fauntleroy and Miss Patricia A. Trivers, Washington, D. C., were on the brief, for appellant. Mr. George A. Parker, Wash-

ington, D. C., also entered an appearance for appellant.

Mr. Terence N. Doyle, Atty., Dept. of Justice, of the bar of the Supreme Court of Minnesota, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David C. Acheson, U. S. Atty., and Morton Hollander, Atty., Department of Justice, were on the brief, for appellee, United States of America. Mr. Frank Q. Nebeker and Mrs. Ellen Lee Park, Asst. U. S. Attys., also entered appearances for appellee, the United States.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

George Parker, successor testamentary trustee under the will of one Brown, was removed from office by the District Court at the instance of the United States which had been allowed to intervene as *parens patriae* and successor trustees were appointed. There was no allegation or proof of fraud or misappropriation on Parker's part, but only that he had used bad judgment in spending large sums for the rehabilitation of houses and buildings, some of which he borrowed without court authorization, and so had been unable to pay the major portion of the income to the sole beneficiary, Howard University. Parker appeals.

Although appellant's renovation program made it impossible to follow a schedule of fixed payments to the University, he has paid during his tenure sums which aggregate a substantial amount, and we note that the corpus is considerably larger than when he took charge.

The removal of Parker as trustee might be construed by some as a reflection on his integrity, which apparently was not intended by anybody. Moreover, the parties before us expressed willingness that the trust be terminated, as there is no necessity for its continuation since Howard University is capable of handling the corpus for its own benefit without the expense of commissions for

trustees. We remand the case to the District Court for reconsideration in the light of the circumstances just detailed. It may decide to set aside the order of removal, vacate the appointment of successor trustees, order the immediate termination of the trust, and the payment and delivery of the corpus to Howard University.

It is so ordered.